UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos Kinlaw, | ) C/A No. 9:15-444-DCN-MGB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Lowes Homes Center Inc; | ) |
| Sedgwick Claim Management Service Inc; | ) |
| McAngus Goudelock & Courie LLC; | ) |
| Fletcher M. Johnson; | ) |
| Brian O'Keefe; | ) |
| Joseph P. Tobin, M.D.; | ) |
| Dr. Richard J. Friedman; | ) |
| Dr. John Hyman; | ) |
| Erin L. Hantske, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court.

I.      Factual Background

This is the third effort by Carlos Kinlaw ("Plaintiff") to sue his former employer, Defendant Lowes Homes Center Inc. ("Lowes"), and/or other persons or companies who were involved in some way in a South Carolina workers' compensation action in which Plaintiff was the claimant. This court summarily dismissed both of Plaintiff's previous cases. *See Kinlaw v. Lowes Home Center Inc.*, No. 9:14-cv-02815-DCN (D.S.C.); *Kinlaw v. S.C. Workers' Compensation Comm'n*, No. 9:14-cv-04655-DCN (D.S.C.). The Fourth Circuit Court of Appeals affirmed the dismissal in No.

9:14-cv-02815-DCN, and it does not appear that Plaintiff appealed the decision in 9:14-cv-04655-DCN. *See Kinlaw v. Lowes Home Center Inc.*, 588 F. App'x 220 (4th Cir. 2014).

In the case now under review, the Complaint was filed with the court on January 30, 2015. ECF No. 1. In the Complaint and in his supplemental pleading, Plaintiff alleges that the Defendants engaged in a "conspiracy to violate the Americans with Disabilities Act Workers Compensation Law by using the South Carolina Workers Compensation settlement as a way of firing [him] and trying to use the workers compensation immunity remedy to protect themselves from all lawsuits." Compl. 3, ECF No. 1; Supp. Claim 2, ECF No. 8. He further alleges "that there was a plot to conspire to defraud [him] of workers compensation and medical treatment for injuries." ECF Nos. 1 at 3; 8 at 2. Plaintiff alleges that Defendants engaged in this "conspiracy" to violate the Americans with Disabilities Act ("ADA") and to deprive him of workers compensation benefits with Plaintiff's former employer, Lowes, by committing "fraud" in connection with their work as claims adjusters (Sedgwick Claim Management Service Inc.), lawyers (McAngus Goudelock & Courie LLC; Brian O'Keefe; Erin L. Hantske; Fletcher M. Johnson), and medical providers (Joseph Tobin, M.D.; Dr. Richard J. Friedman; Dr. John Hyman) in connection with Plaintiff's state workers' compensation claims. ECF Nos. 1 at 3-4 ; 8 at 2-3.

Plaintiff alleges that his own workers' compensation attorney (Defendant Johnson) participated in the alleged fraudulent conspiracy by having him sign a document ("the resignation/release document") on March 16, 2011 in which Plaintiff resigned his employment and released Lowes from further liability as part of a settlement of a workers' compensation claim for an October 13, 2009 back injury ("the 2009 claim"). ECF Nos. 1 at 3; 8 at 2. Plaintiff further alleges that Defendants Sedgwick Claim Management Service, Inc., McAngus Goudelock & Courie LLC,

2

and Brian O'Keefe "approved this fraud and had knowlege of it," and subsequently relied on the resignation/release document to deny workers' compensation coverage for "a calf, back, and hip injury" that Plaintiff alleges he "suffered" on March 11, 2011, which was five days before he allegedly signed the resignation/release document to settle the 2009 claim. *Id*. Plaintiff also alleges that Defendants Doctors Tobin, Friedman, and Hyman participated in the conspiracy by submitting false and misleading medical reports that were also used to deny coverage for the 2011 calf, back, and hip injury, and that Defendant Erin L. Hantske, an attorney who also represented Lowes, participated in the fraud and conspiracy by making improper statements about medical reports and relying on the allegedly fraudulent resignation/release document in an "appeal to the South Carolina Workers Compensation Commission." ECF Nos. 1 at 4; 8 at 3. Plaintiff seeks damages in the amount of $250,000.00. ECF Nos. 1 at 5.

Subsequent to his submission of the Complaint now under review, Plaintiff submitted a copy of a document from the U.S. Equal Employment Opportunity Commission ("the EEOC") dated March 6, 2013 and titled "Dismissal and Notice of Rights" to this court ("right-to-sue letter"). ECF No. 12. The right-to-sue letter does not include any discussion of the claim on which it was based, but it shows that a copy was sent to "counsel" for "LOWES HOME CENTERS INC" and informs Plaintiff than he could file a lawsuit against "the repondent(s) under federal law based on this charge in federal or state court," but that any such "lawsuit must be filed WITHIN 90 DAYS of [Plaintiff's] receipt of this notice . . . ." *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been

3

conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.    Discussion

Initially, although the court must liberally construe a pro se complaint, the United States

Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim, *see Ashcroft v. Iqbal*, 556 U.S. 662, 667-68 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678-79. At least two United States District Courts within the same Circuit as this court have held that the *Iqbal-Twombly* pleading standards are applicable to pleadings filed by pro se litigants such as Plaintiff. *Godbey v. Simmons*, No. 1:11CV704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014), *aff'd*, 577 F. App'x 239 (4th Cir. 2014); *Roudabush v. Belk*, No. 3:11CV255-GCM, 2011 WL 8318346, at *1 (W.D.N.C. Aug. 8, 2011), *aff'd*, 465 F. App'x 242 (4th Cir. 2012); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Although Plaintiff conclusorily states that Defendants engaged in a conspiracy to violate the ADA, 42 U.S.C. § 12112 (Title I of the Americans with Disabilities Act; prohibiting "discrimination . . . on the basis of disability" in the employment arena), his factual allegations do not show that he has a plausible ADA claim against any Defendant or that he has any other plausible federal claim based on conspiracy among the Defendants. First, Plaintiff's factual allegations are not sufficient to state a plausible ADA claim against Defendants Sedgewick Claims Management Inc., McAngus, Goudelock & Courie LLC, Johnson, O'Keefe, Tobin, Friedman, Hyman, or Hantske because none of these Defendants occupied the status of Plaintiff's employer during the relevant time period. It is settled that a Title I ADA claim may only be brought against the claimant's employer. There is no individual liability under the ADA. *See, e.g.*, *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (no individual liability under ADA Title I; claim may only be brought against an employer); *Benitez v. Maxim Healthcare Servs.*, No. 1:12CV1195, 2013 WL 3441734, at *7 (M.D.N.C. July

5

9, 2013) ("Plaintiff may not bring claims against the Individual Defendants in this case pursuant to the ADA.") .                 .

Second, Plaintiff's factual allegations fails to state a plausible ADA claim against Defendant Lowes because 1) this case was filed after the applicable statute of limitations ran on any ADA claim that Plaintiff might have against Lowes, and, alternatively, 2) Plaintiff's factual allegations are not sufficient to show that Plaintiff is a "a qualified individual" who was discriminated against by his employer "on the basis of disability." *See* 42 U.S.C. § 12102(1) (defining "disability"). In South Carolina, an ADA claim has a one-year statute of limitations. *See Finch v. McCormick Corr. Inst.*, No. 4:11-cv-0858-JMC-TER, 2012 WL 2871665 (D.S.C. June 15, 2012) (citing *Cockrell v. Lexington Cnty. School Dist. One*, No. 3:11-CV-2042-CMC, 2011 WL 5554811 (D.S.C. Nov.15, 2011); applicable statutes of limitations in ADA cases is the one-year statute of limitations found in the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13–10). Because an ADA claim under Title I of the Act must be administratively exhausted, the applicable statute of limitations is tolled during the time in which an EEOC claim is pending. *See Syndor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (ADA plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court); *Lewis v. Aetna Life Ins. Co.*, 993 F. Supp. 382, 387 (E.D.Va.1998) (ADA Title I statute of limitations tolled during EEOC claim process), *overruled on other grounds by Lewis v. Kmart Corp.*, 180 F.3d 166, 168 n.2 (4th Cir.1999). Even though any arguable ADA claim Plaintiff might have had against Lowes arguably accrued on March 16, 2011, when he was allegedly fraudulently induced into resigning from Lowes in connection with the settlement of his workers' compensation claim, for purposes of this Report and to give Plaintiff full benefit of all possible tolling time, the undersigned is using the ending date of

Plaintiff's EEOC claim against Lowes (March 6, 2013) as the starting date for the ADA statute of limitations applicable to the Complaint under review. ECF No. 12.[1] To file a lawsuit against Lowes for alleged ADA violations within the applicable statute of limitation, Plaintiff should have submitted his civil complaint on or before midnight on March 6, 2014. The fact that Plaintiff filed two other federal lawsuits in this court premised on similar factual allegations before the ADA limitations period ran is of no moment because both of those case were dismissed without prejudice and did not toll the running of the statute of limitations. *See Gallipeau v. Ham*, No. 0:13-505-TMC, 2014 WL 2613178, at *4 (D.S.C. June 10, 2014) ("'It is well settled in South Carolina that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim.'") (quoting *Rink v. Richland Mem'l Hosp.*, 310 S.C. 193, 422 S.E.2d 747, 749 (S.C.1992)). By waiting until January 30, 2015 to file this case and attempt to raise an ADA claim against Lowes, Plaintiff is over ten months too late.

Nevertheless, even if the ADA statute of limitations had not yet run, no plausible ADA claim is pleaded against Lowes in the Complaint under review. To adequately allege a plausible ADA claim, there must be sufficient facts that would reasonably permit this court to infer that Lowes took a discriminatory employment action against Plaintiff because Plaintiff either had or was perceived as having a "disability." *See Benitez v. Maxim Healthcare Servs.*, No. 1:12CV1195, 2013 WL 3441734, at *6 (discussing the type of facts that would support a finding that an employee has a disability); *Stukes v. Locke*, No. RWT 12cv681, 2012 WL 5829066, at *3 (D.Md. Nov.15, 2012)

---

[1] Plaintiff does not provide a filing date for his EEOC claim and the right-to-sue letter that he submitted also does not indicate when the claim was filed. ECF No. 12. As a result, this court does not know how much time elapsed between Plaintiff's allegedly fraudulently induced resignation on March 16, 2011 and the filing of an EEOC claim against Lowes.

(discussing the type of facts required to show that an employee was perceived as having a disability). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The ADA defines major life activities to "include, but . . . not [be] limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." § 12102(2). To show that an impairment substantially limits the major life activity of work, a plaintiff must show more than the inability to perform one particular job; instead, his allegations must show that the impairment prevents the plaintiff from performing a broad class of jobs. *See, e.g.*, *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 523 (1999); *Stumbo v. Dyncorp Tech. Servs., Inc.*, 130 F. Supp.2d 771, 773 (W.D. Va.), *aff'd*, 17 F. App'x 202 (4th Cir. 2001), *cert. denied*, 535 U.S. 930 (2002).

Even though Plaintiff's Complaint includes a legal conclusion "that an employer may not fire an employee because the employer feels an employee may get injury . . . ," and another conclusory statement that this "was the circumstance in my case," ECF No. 1 at 3, Plaintiff does not allege any facts showing that any of his back, hip, or calf injuries limited any of his major life activities, including work. Plaintiff's undetailed references to a "back injury" and to "a calf, back, and hip injury" that might or might not have been compensable under the South Carolina Workers' Compensation law do not show any limitation from those injuries on any life activity. He does not include any factual allegations about the nature and extent of the back, hip, or calf injuries or about what effect, if any, those injuries had on his ability to perform any kind of work and not just the work he was performing at Lowes. As a result, Plaintiff's allegations are insufficient to show that he is

entitled to the protections of the ADA because he fails to allege facts showing that he is a qualified individual with a disability. *See Lyons v. Shinseki*, 454 F. App'x 181, 182-83 (4th Cir. 2011) (as a threshold matter, ADA claimant must show a disability within the meaning of the Act).

Furthermore, even though Plaintiff alleges that Defendants conspired to deprive him of workers' compensation benefits to which he believes he is entitled, his Complaint does not state any plausible federal civil-rights conspiracy claims against any Defendant. First, no plausible claims for conspiracy to violate civil rights, *see* 42 U.S.C. §§ 1983, 1985, can stand because each Defendant is a private person or corporate entity and there are no allegations showing that any Defendant acted in concert with any state actor or exhibited class-based discrimination against Plaintiff. *See, e.g.*, *Brentwood Academy v. Tenn. Secondary Sch. Athletics Ass'n*, 531 U.S. 288, 295 (2001) (where a private party is sued under § 1983, essential question is whether nominally private conduct is properly attributable to the State); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985). Second, assuming without deciding that Plaintiff's numerous allegations of conspiracy to commit fraud in connection with a state workers' compensation claim are sufficient to raise plausible state-law-based claims for civil conspiracy, fraud, or other torts against any Defendant, this court cannot consider them in this case because no basis for the exercise of diversity jurisdiction is evident from the face of the pleadings. *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.13-16 (1978) (independent state-law-based claims may only be considered under diversity jurisdiction; complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side). Finally, despite his conclusory references to the ADA and

to "civil right law," ECF No. 1 at 5, the gist of this Complaint submitted by Plaintiff, as well as that of the previous two cases he has filed in this court, is that he wants this court to punish his opponents in, and to re-consider the outcome of, his state workers' compensation claims. As Plaintiff was previously informed in *Kinlaw v. S.C. Workers' Comp. Comm'n*, No. 9:14-cv-04655-DCN, this federal court is not an appellate court for cases decided by courts or agencies of the State of South Carolina such as the South Carolina Workers' Compensation Commission. The *Rooker-Feldman* doctrine prevents dissatisfied state litigants such as Plaintiff from attempting to re-litigate unsuccessful state claims in federal courts and requires dismissal of any attempts to do so. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (same).

IV.     Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

May 7, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).